**CAUBLE v. CAUBLE et al.   (No. 7159.)\***

Court of Civil Appeals of Texas. Austin. Nov. 16, 1927.

Rehearing Denied Dec. 21, 1927.

1. **Principal and surety** ⟨⟩190(7)—Evidence held to sustain finding that plaintiff for consideration agreed with defendants to pay their note to third party, precluding reimbursement as surety.

Evidence *held* sufficient to sustain finding of jury that plaintiff agreed with defendants to assume and pay their note to third party and to relieve defendant thereon in consideration of certain cattle, and hence that plaintiff could not recover as surety from defendants for money paid by him to discharge judgment on note.

2. **Principal and surety** ⟨⟩190(7)—Evidence held to sustain finding that plaintiff's note was settlement of agreement to pay judgment, precluding reimbursement as surety.

Evidence *held* sufficient to sustain finding of jury that chattel mortgage note was in full settlement of plaintiff's agreement to assume and pay judgment of third party against defendants, and hence that plaintiff was not entitled

to recover as surety amount paid by him to discharge judgment from defendants.

3. **Evidence** ⟨⟩207(5), 208(2)—Pleadings of which defendant had notice and judgment reciting his primary liability which he paid held admissible as admission against interest in his subsequent action seeking recovery as surety.

Where defendant had full notice of pleadings and default judgments taken against him, one of which recited his primary liability, which he thereafter paid, such judgment, pleadings, and judgments *held* admissible against him in subsequent action seeking recovery as surety against codefendants as admission against interest.

4. **Judgment** ⟨⟩568—Plaintiff not cited held nevertheless estopped by judgment reciting his primary liability, which he paid, to deny liability and claim reimbursement as surety.

Where defendant knew of default judgments against him and thereafter pointed out error in judgment and had correction made, and made payment thereon before adjournment of term of court at which judgments were rendered, defendant *held* estopped by judgments on issue as to whether he agreed to assume and pay defendants' note to third party as set forth in pleadings upon which judgments were based, and hence precluded from recovering from defendants for sum paid by him to discharge judgment on note.

5. **Judgment** ⟨⟩584, 713(1)—"Res judicata" and "estoppel by judgment" rest on separate grounds.

"Res judicata" and "estoppel by judgment" are separate defenses resting upon entirely separate grounds, though "estoppel by judgment" is species of "res judicata," rule of res judicata resting upon grounds that party may not be heard a second time on issue which he has once been permitted to contest, and that public policy demands end to litigation, while estoppel by judgment rests upon principles forbidding one to relitigate matter in dispute between parties which has been determined by competent court, on ground that record of judgment imports absolute verity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel by Judgment; Res Adjudicata.]

6. **Bills and notes** ⟨⟩430—Plaintiff might not recover on note assigned him under agreement, where subsequently taking another note in full settlement of agreement.

Plaintiff *held* not entitled to recover on vendor's lien note assigned to him under adjustment agreement, where he subsequently took a chattel mortgage note in full settlement of agreement.

On Motion for Rehearing.

7. **Judgment** ⟨⟩951(2)—Whether party made payment on judgment before certain date held immaterial in determining whether he was estopped by judgments to deny agreement to pay note.

Whether party made payment on default judgment before or after certain date *held* im-

material in determining whether he was estopped by judgments to deny agreement to pay note, where he made payment with full knowledge of judgments after obtaining correction in one of them and before adjournment of term of court at which they were rendered.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by C. M. Cauble, for whom was substituted W. H. Cauble, independent executor of his estate, against George C. Cauble, Jr., I. B. Cauble, and another. From a judgment in favor of the named defendants, plaintiff appeals. Affirmed.

J. A. Templeton, of Fort Worth, and Collins & Jackson, of San Angelo, for appellant.

Goree, Odell & Allen and L. L. Gambill, all of Fort Worth, and Anderson & Mobley, of San Angelo, for appellees.

BLAIR, J. A complete statement of the transactions out of which this litigation arose will be found in the opinion of this court on a former appeal of the case, reported in Cauble v. Cauble, 283 S. W. 914. Suffice it to state here that W. B. Currie sued G. C. Cauble, Sr., G. C. Cauble, Jr., and I. B. Cauble, in the district court of Howard county, on their joint note to him, and to foreclose a chattel mortgage on cattle given by G. C., Sr., and G. C., Jr., to secure the note and to subject other collateral security to its payment. Pending the Currie suit, C. M. Cauble purchased the cattle, under an agreement with Currie that if Currie would release his mortgage on the cattle and deliver to him a $8,000 vendor's lien note, executed by G. C., Jr., to G. C., Sr., and pledged as collateral to the Currie note, he (C. M. Cauble) would pay the Currie note in full, which he undertook to do by giving two drafts, one of which was paid, but the other, for $8,610, was turned down by the bank on which it was drawn; whereupon Currie amended his petition and sued C. M. Cauble on his assumption agreement, alleging the above facts, and continued to sue the three other Caubles on their note, alleging that they failed to pay the $8,610 balance due through the arrangement with C. M. Cauble, as they agreed to do. C. M. Cauble was duly served with citation and copy of the petition, and all defendants were notified of the date of hearing, and with the exception of I. B. Cauble each made default. I. B. Cauble appeared and filed a cross-action against his codefendants, alleging that he was only a surety on the Currie note, and, as to C. M. Cauble, that when he purchased the cattle and obtained a release of the mortgage and collateral security note he assumed and agreed to pay the Currie indebtedness, and thereby became primarily obligated to do so. No citation was issued on the cross-action suit. On the hearing Currie recovered judgment against C. M. Cauble on his assumption agreement and against the other Caubles on the note. I. B. Cauble recovered judgment on his cross-action against his codefendants, on the grounds alleged, his judgment providing that if he should be compelled to pay the Currie judgment, then he should recover a like amount against his codefendants. Some few days after these judgments were taken, and before the adjournment of the term at which they were rendered, C. M. Cauble and his attorney came to Howard county for the purpose of answering in the suit, and learned of the judgments. They immediately went to see G. C. Cauble, Sr., who lived in Tom Green county, for the purpose of getting him to join in a motion to set the judgments aside, but he prevailed upon C. M. Cauble not to do so, and executed to C. M. Cauble his note for $8,000, secured by a mortgage on personal property, in consideration of his not filing such a motion. As to this transaction, C. M. Cauble testified that the note was given to indemnify him against having to pay the judgment and in consideration of his not filing a motion to set it aside. G. C. Cauble, Sr., testified that it was given in full settlement of the agreement of C. M. Cauble to fully pay off and discharge the judgment. On the day following the execution of this note, C. M. Cauble returned to Howard county, and, in company with I. B. Cauble, went to the office of Currie's attorney, Currie being present, and began negotiations for the payment of the judgment in favor of Currie. C. M. Cauble pointed out an error in the amount of the judgment, which Currie's attorney agreed to and obtained an order of the court to correct it. C. M. Cauble then paid $2,011 on the judgment, and agreed to pay the balance within a specified time; and he later paid the entire judgment, but not within the time agreed upon. Thereafter he sued the three Caubles who signed the Currie note in the district court of Tom Green county, alleging by way of confession and avoidance the Howard county judgment in favor of Currie and its payment as the basis of his suit; that is, he alleged:

"Thereafter, on to wit, the 29th day of December, 1919, said plaintiff, W. B. Currie, by his amended petition filed in said cause, made said C. M. Cauble a party defendant therein, and he, by his said petition, sought to recover against him as well as against the other defendants in said action, the balance so owing by such other defendants on said note, including principal, interest and attorney's fees. Said suit, in so far as it was against C. M. Cauble, was based and predicated on the allegations made in said petition to the effect that he, in purchasing said cattle, had contracted and agreed to assume and pay the balance so owing on said note, which allegation was untrue in fact."

He further alleged that as between himself and the three Caubles who signed the Currie note, he was in truth and in fact not liable

for the indebtedness, but as between them he merely agreed to assist in raising the $8,610 balance due on the note; that the $8,000 vendor's lien note and the $8,000 chattel mortgage note were assigned and executed to him as an indemnity against having to pay the balance due on the Currie note or judgment; and that his failure to pay the $8,610 draft given by him to Currie was due to the failure of defendants Cauble to make the requisite financial arrangements to take up the draft as they agreed to do, and he sought to recover: (1) Against the three Caubles the amount paid by him to discharge the Currie judgment; (2) against G. C., Sr., the amount of the $8,000 note of February 10, 1920, and to foreclose the chattel mortgage securing it; and (3) against all defendants to foreclose the vendor's lien securing the G. C., Jr., $8,000 note.

G. C. Cauble, Jr., and I. B. Cauble, answered that the Howard county judgments were res adjudicata of all issues raised by C. M. Cauble's pleadings against them, and, further, that C. M. Cauble, in consideration of purchasing the cattle and obtaining the release of the $8,000 vendor's lien note, assumed and agreed to pay off the Currie indebtedness, and that the $8,000 chattel mortgage note executed February 10, 1920, by G. C. Cauble, Sr., to C. M. Cauble, was in full payment or settlement of his assumption agreement.

At the conclusion of the evidence on the former trial a verdict was instructed for C. M. Cauble; from which all the defendants Cauble appealed to this court.

On the former appeal this court held that the Howard county judgments were not res adjudicata as between the parties on the issues raised by the pleadings and evidence, but reversed and remanded the cause on the grounds that the pleadings and evidence raised the following jury issues: (a) Did C. M. Cauble agree to assume and pay off the Currie indebtedness when he purchased the cattle; (b) and agree to release I. B. Cauble from further liability thereon; (c) did G. C. Cauble, Sr., execute the $8,000 chattel mortgage note in full settlement of C. M. Cauble's agreement to assume and pay off the Currie judgment.

On the second trial these issues were submitted to the jury and they answered each of them in the affirmative, and judgment was rendered for G. C. Cauble, Jr., and I. B. Cauble, from which W. H. Cauble, the independent executor of C. M. Cauble, who entered the suit and adopted the former pleadings of C. M. Cauble, deceased, has appealed.

[1, 2] On the issue of whether C. M. Cauble agreed, in consideration of the purchase of the cattle, to assume and pay off the balance due on the Currie note, the same evidence upon which we reversed and remanded the case on the former trial was introduced.

There was also introduced other testimony tending to support the contention that he did agree to assume and pay off said indebtedness and to release I. B. Cauble from liability thereon; and we overrule appellant's contention that the evidence does not support the jury's findings.

[3] The principal attack made by appellant upon the judgment in favor of I. B. Cauble is that the court erred in permitting him to introduce in evidence the pleadings and the judgments in the Currie suit, on the issues of whether C. M. Cauble agreed to assume and pay off the balance due on the Currie note when he purchased the cattle, and agreed to release I. B. Cauble from further liability thereon, upon the grounds that the same were hearsay, immaterial, and irrelevant, and that the judgment on I. B. Cauble's cross-action was void because no citation was issued thereon.

Appellant introduced a certified copy of that part of the judgment rendered in favor of Currie against C. M. Cauble, but did not introduce the judgment in favor of I. B. Cauble on his cross-action. Appellee, I. B. Cauble, then introduced the entire pleadings and both judgments in the Howard county suit for all purposes raised by the pleadings over appellant's objection and request that the trial court instruct the jury not to consider recitations of fact contained in either the pleadings or judgments, but to only consider for the purpose of showing the basis of this suit the Currie judgment against C. M. Cauble. We do not sustain the contentions. On the former appeal of the case, I. B. and G. C. Cauble, Jr., merely pleaded the Howard county judgments as res adjudicata, but before the second trial I. B. Cauble amended his pleadings and in addition to the former defenses above stated, he pleaded in detail all of the facts and transactions in connection with the Howard county judgment and its subsequent payment by C. M. Cauble with full notice of the default judgment in favor of the appellee, I. B. Cauble, as an admission by said C. M. Cauble against interest, and as an estoppel by judgment or by verdict of the cause of action asserted by the amended petition of appellant. G. C. Cauble, Jr., adopted the answer of I. B. Cauble.

Two reasons for not sustaining appellant's contention may be stated as follows:

(1) Appellee, I. B. Cauble, pleaded in detail all of the recitations of fact contained in the pleadings and judgments of the Howard county suit, and all transactions of C. M. Cauble in connection therewith, both as to the Currie judgment and his judgment on his cross-action, as an admission by C. M. Cauble against interest; and we think the pleadings and judgments admissible for that purpose, under the general rule announced in 22 C. J. 327, as follows:

· "Where it is affirmatively shown, by either direct or circumstantial evidence, that a writing or document has been brought to the attention of a party, and the circumstances are such that, if the party dissented from the statements contained therein, his dissent would naturally have been manifested by some objection, his failure to deny the accuracy thereof may be relevant as an admission, and hence the writing and the failure to object thereto may be shown in evidence."

Under the facts above detailed, it is clearly shown that C. M. Cauble had notice of both the judgments and the pleadings, and after having full notice thereof he paid the judgment in favor of Currie without making any objection to the recitations contained therein, and did not in any manner dissent because the judgment on cross-action recited that as between I. B. Cauble and himself he assumed the Currie debt in consideration of purchasing the cattle, and thereby became primarily liable for the debt; and the judgments and pleadings were admissible for whatever they were worth to the jury in determining that issue, as admission against interest by C. M. Cauble.

[4] (2) By his amended answer filed on this trial of the case appellee, I. B. Cauble, pleaded for the first time the judgment on his cross-action against C. M. Cauble in the Howard county suit as an estoppel by judgment of the cause of action asserted by C. M. Cauble in this suit. That is, he pleaded the judgment and the facts and recitations on which it was based; that C. M. Cauble had full notice of the judgment and the contentions there made by I. B. Cauble, that is, that C. M. Cauble assumed and agreed to pay off the Currie indebtedness, and that I. B. Cauble was merely surety for the Currie indebtedness, which assumption agreement was the only controverted issue between them in this suit; and with full notice of these matters he made no effort to have the judgment set aside or vacated, but entered his appearance by pointing out an error in the amount of the Currie judgment and having same corrected, and then paid the Currie judgment in full. The evidence on the issue raised by these pleadings is without dispute and clearly shows that C. M. Cauble knew of the default judgment against him in favor of I. B. Cauble on his cross-action; that he knew the basis upon which it rested, because he discussed it with G. C. Cauble, Sr., at the time he accepted G. C. Cauble, Sr's., $8,000 note under agreement not to file a motion to set the Howard county judgment aside; that with full knowledge of the judgment on cross-action he thereafter entered what is tantamount to an appearance in the Howard county suit by pointing out and having corrections made in the judgment, and thereafter paid the judgment in full without complaint or objection to the judgment on cross-

action, and without making any effort to have it set aside or vacated. So, under these facts and circumstances, we think it clear that C. M. Cauble is estopped by that judgment to again relitigate the very issue there decided against him. 34 C. J. p. 745, § 1156, notes and cases there cited.

[5] In this connection appellant contends that we decided this issue against I. B. Cauble's contention on the former appeal. But we did not do so. The issue of estoppel by judgment was not raised on the former appeal either by pleadings or proof. We held on the former appeal that the judgment in favor of Currie against C. M. Cauble was not res adjudicata of the cause of action asserted by C. M. Cauble in this suit against his codefendants, that is, that as between them he did not assume and agree to pay off the Currie note when he purchased the cattle. And as to the judgment in favor of I. B. Cauble on his cross-action, we held that, since no citation was issued thereon, and since the judgment was by default, that judgment was void and could be attacked collaterally. We still adhere to our former position in reference to res adjudicata questions. But res adjudicata and estoppel by judgment constitute separate and distinct defenses, and rest upon entirely separate grounds or rules, though estoppel by judgment is recognized as a species of res adjudicata. The rule of res adjudicata rests upon the grounds that a party shall not be heard a second time on an issue which he has once been called on and permitted to contest and try, and that public policy demands an end to litigation; while the rule of estoppel by judgment rests upon equitable principles and upon the broad principles of justice, which will not permit one to relitigate a particular fact or matter in dispute between the parties which has already been judicially determined by a court of competent jurisdiction, upon the ground that the record of the judgment imports absolute verity. 34 C. J. supra. Under the facts stated, we think it clear that C. M. Cauble is estopped to assert in this case as between himself and I. B. Cauble that he did not assume and agree to pay off and discharge the Currie note, on which I. B, was a surety, because the judgment in favor of I. B. Cauble on his cross-action against C. M. Cauble specifically determines that he did so agree.

In view of the above holding the other assignments urged against I. B. Cauble on other issues in the case become immaterial and are overruled.

[6] As to G. C. Cauble, Jr., appellant contends that he should have a personal judgment on the $8,000 vendor's lien note assigned by Currie to C. M. Cauble under the adjustment agreement, notwithstanding the lien securing it was void as against the homestead claim. But we do not sustain the contention. G. C. Cauble, Jr., alleged and proved to the

satisfaction of the jury that the $8,000 chattel mortgage note, executed by G. C. Cauble, Sr., to C. M. Cauble on February 10, 1920, was in full settlement of C. M. Cauble's agreement to pay off and discharge the Howard county judgment. Under this finding of the jury, which is sufficiently supported by the evidence, the $8,000 vendor's lien note assigned under the former adjustment agreement was no longer involved in the case.

We find no error in the trial court's judgment, and it will be affirmed.

Affirmed.

### On Motion for Rehearing.

On motion for a rehearing appellant complains that we erroneously found that the $8,000 chattel mortgage note was given in consideration of C. M. Cauble, payee, not filing a motion for a new trial in the Howard county suit, and that C. M. Cauble so testified. C. M. Cauble did not so testify. His witness and attorney who handled the transaction for him did so testify and as follows:

"I have already stated the purpose for which the $8,000 note was executed by George C. Cauble, payable to C. M. Cauble, and the consideration which is inquired about was for the purpose of indemnifying and securing C. M. Cauble against the payment of the judgment obtained in Howard county, in the suit of W. B. Currie v. George C. Cauble et al., and for the purpose of getting C. M. Cauble to not file a motion for new trial in such cause."

[7] Complaint is also made that we found C. M. Cauble paid the $2,011 on Currie's judgment after he had gone to see G. C. Cauble, Sr., and obtained the $8,000 note; whereas it is contended that the payment was before that time. The matter is wholly immaterial since the undisputed evidence is that he made the payment after he and his attorney had full knowledge of both the judgments in the Howard county suit and after he had obtained a correction in the amount of the Currie judgment and before the adjournment of the term at which they were rendered.

By two briefs and arguments in support of his motion appellant insists that we were in error in holding the pleadings and judgments of the Howard county suit admissible in evidence upon the two grounds stated in our opinion, the gravamen of the complaint being that since we hold the judgment void on the cross-action because of want of service of citation thereon, no effect can be given to it either as an admission of the facts stated or as an estoppel by judgment. Appellant has misconstrued our opinion in this respect, and especially in reference to the estoppel question. We simply held that in so far as the issue of res adjudicata was concerned the judgment was void for want of service; but by amended pleadings on this trial the appellee I. B. Cauble pleaded all the facts and

circumstances in connection with the judgments, which show both judgments to be valid subsisting judgments, because C. M. Cauble was duly served in the Currie suit and because he entered what is tantamount to an appearance in the suit on cross-action, with full knowledge of the judgments and pleadings upon which they were based, by having corrections made in the Currie judgment, by paying thereon $2,011 before adjournment of the term at which the judgments were rendered, and by taking a note from G. C. Cauble, Sr., before the adjournment of the term at which the judgments were rendered in consideration of not filing a motion to set either judgment aside, for in reference to taking the note C. M. Cauble's attorney not only testified that it was given in consideration of not filing a motion for a new trial in the Howard county suit, but that:

"When we explained to George C. Cauble that the judgment had been given I. B. Cauble over and against C. M. Cauble, then the question of security or indemnity came up."

The above uncontroverted evidence clearly shows that C. M. Cauble recognized the I. B. Cauble judgment and intended to let it stand as a valid subsisting judgment on the issue decided, and he is clearly estopped to again litigate that issue, and is decisive of this case.

The motion is overruled.

Motion overruled.